UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA RUSTAND, MARIE VENTURA,
F/K/A MARIE PAMART, and
RONALD HART,

      Plaintiffs,

v.                                                                                  Case No: 8:21-cv-1518-WFJ-AAS

VERIZON BUSINESS NETWORK
SERVICES LLC,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant's Motion to Dismiss, Dkt. 8. Defendant argues pursuant to Fed. R. Civ. P. 12(b)(6) that Plaintiffs have failed to state a valid claim for which relief can be granted. Plaintiffs filed a response in opposition to the motion, Dkt. 17, contending that they have sufficiently pled valid contract and equitable claims. *Id.* at 9, 13. Defendant filed a reply, Dkt. 21. The Court considered Plaintiffs' Complaint, Defendant's motion, Plaintiffs' response, Defendant's reply, and cases cited by both parties. Additionally, the Court received cogent oral argument from counsel on August 25, 2021. Upon consideration, the Court denies Defendant's Motion to Dismiss.

The majority of apt cases upon which Defendant relies are at the summary judgment stage, which requires a different legal standard than the present motion to dismiss stage. Fed. R. Civ. P. 8(a) creates a fairly low bar for notice pleading. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555−56 (2007) (stating that a well-pleaded complaint may proceed even when proof of presented facts seems improbable and recovery appears unlikely). A plaintiff's complaint will survive a motion to dismiss when it contains plausible factual allegations, which must be accepted as true, that raise entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678−79 (2009).

Here, the allegations raised in Plaintiffs' Complaint are plausible and, therefore, must be accepted as true. Plaintiffs allege breach of contract, unjust enrichment, and quantum meruit claims based on Defendant's failure to pay Plaintiffs commissions allegedly owed under the parties' Sales Compensation Plans, which were attached to the moving papers. Dkt. 1 at 2. The moving papers and oral argument demonstrate that there is some dispute as to the extent and legal status of the compensation plans. Based on the accepted facts alleged by Plaintiffs, the grounds for dismissal are not so clear that this matter must be terminated.

While Defendant may indeed be correct that no actionable claims exist here, that proposition may be best, and most fairly, tested in a summary judgment

setting. Defendant's Motion to Dismiss, Dkt. 8, is denied. Defendant should answer Plaintiffs' Complaint, Dkt. 1, within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on August 25, 2021.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record